FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 SEP 22 PM 3: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RONALD KELLY, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | CASE NO. CV 96-B-1047-S |
| } | |
| UHC MANAGEMENT COMPANY, } | |
| INC., et al., } | |
| } | |
| Defendants. } | |

ENTERED

SEP 22 1997

MEMORANDUM OPINION

Currently before the court is defendants' Motion to Dismiss Cecelia Bryant for Failure to Prosecute. Defendants contend that Ms. Bryant has twice failed to appear for her scheduled deposition and also has refused to produce any documents in conjunction with that deposition. As a result, defendants argue that Ms. Bryant's case should be dismissed with prejudice.

The court is empowered by Federal Rule of Civil Procedure 41(b) to dismiss an action for want of prosecution. The sanction of dismissal with prejudice is a drastic penalty, however, and a district court may dismiss a case with prejudice for failure to prosecute "only where 'there is a clear record of delay or willful contempt and a finding that lesser sanctions will not suffice.'" *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993) (citations omitted) (internal quotation marks omitted); *see Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995) (holding that "[d]ismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations" and "'only in the face of a clear record of delay or contumacious conduct by the plaintiff'") (citations omitted), *cert. denied*, 116 S. Ct. 915

124

(1996). Mere delay is not sufficient to warrant dismissal. "At a minimum" the court must base dismissal on evidence of "willful delay" not "simple negligence." *Kilgo*, 983 F.2d at 192.

In the present case, the record shows that Cecelia Bryant has twice failed to appear for her scheduled deposition. Although the first failure to appear was arguably based on a misunderstanding between counsel for Ms. Bryant and counsel for defendants, the second failure to appear for her deposition was not the result of a misunderstanding. Ms. Bryant simply did not attend, despite the fact that her own lawyers and defense counsel were waiting for her. The court finds that Ms. Bryant's conduct constitutes "willful delay" and "contumacious conduct" and is not the result of "simple negligence." Furthermore, the court is of the opinion that lesser sanctions will not suffice. Defendants have twice attempted in good faith to depose Ms. Bryant, without success. Ms. Bryant's unwillingness to make herself available for questioning in this case warrants dismissal under these circumstances.

Based on the foregoing, the court is of the opinion that Cecelia Bryant's claims in the present case are due to be dismissed in their entirety. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 22nd day of September, 1997.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
United States District Judge